IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2018 AUG 31 AM 11:07
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY JMO
DEPUTY

| | | |
|---|---|---|
| RENE CHAPA SANTOS, Reg. No. 06168-379, Petitioner, | § § § § | |
| v. | § § | EP-18-CV-225-FM |
| SCOTT NICKLIN, Warden, Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

Rene Chapa Santos, a prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] challenges the calculation of his sentence by the Bureau of Prisons (BOP) through a pro se petition which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Santos explains he was arrested in Laredo, Texas, in September of 2012, sentenced to seventy-eight months' imprisonment, and sent to a correctional facility in Eden, Texas.[2] He was returned to Laredo on October 14, 2015, to face additional charges. His first sentence ended on September 21, 2017, while he was awaiting trial in Laredo. His additional charges resulted in a 120-month sentence imposed on January 11, 2018. Santos claims the BOP granted him credit for the time served after he completed his first sentence on September 21, 2017. Santos argues he should receive additional credit for the time served after his return to Laredo on October 14, 2015. Santos asks the Court to intervene in his behalf and order the Bureau of Prisons to grant him credit for time served "to begin on October 14, 2015, instead of September 21, 2017."[3]

The Court notes that in the federal judicial system, a petitioner may attack the manner in which his sentence is executed in the district court with jurisdiction over his custodian pursuant to a petition for a

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).
[2] Pet'r's Pet. at 1, ECF No. 1.
[3] *Id.* at 4.

writ of habeas corpus under 28 U.S.C. § 2241.[4]  However, for the reasons discussed below, the Court will dismiss Santos's petition, pursuant to 28 U.S.C. § 2243.[5]

## FAILURE TO PAY FILING FEE

During its initial review of Santos's petition, the Court noted Santos had not paid the $5.00 filing fee or submitted an application to proceed in forma pauperis.  The Court accordingly ordered Santos to either pay the filing fee or file an application to proceed in forma pauperis on or before August 31, 2018.[6]  The Court warned Santos that his failure to comply with the Court's order within the time specified could result in the dismissal of his petition without further notice to him pursuant to Federal Rule of Civil Procedure 41(b).[7]  The Court explained "[t]his authority [under Rule 41(b)] flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."[8]

As of this date, Santos has not complied with the Court's order.  On this ground alone, the Court may dismiss Santos's petition.  But there is more.

## FAILURE TO EXHAUST

In a separate order to answer a questionnaire, the Court notes an initial issue which it must address in reviewing a § 2241 petition is whether the petitioner exhausted his administrative remedies.[9]  This is because a federal prisoner must typically exhaust his administrative remedies before seeking habeas

---

[4] *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).
[5] 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").
[6] Order to Cure, ECF No. 2.
[7] *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998).
[8] *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).
[9] Order to Answer Questionnaire at 1, ECF No. 3.

relief.[10]  Exhaustion requires the petitioner to "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief.[11]  Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."[12]  "When an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided."[13]  Additionally, "exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."[14]  These concerns apply with particular force "when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise."[15]

In the order, the Court also points out exhaustion requirements "may be subject to certain defenses such as waiver, estoppel or equitable tolling."[16]  However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," the petitioner need not exhaust his administrative remedies.[17]  Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review."[18]  If a federal inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, he may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion.[19]

The Court further explains in the order that the Bureau of Prisons uses a multi-tiered administrative

---

[10] *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision).
[11] *See Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing a § 2241 petition filed by a state pre-trial detainee).
[12] *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).
[13] *Id.* (citing *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *McKart v. United States*, 395 U.S. 185, 194 (1969)).
[14] *Id.* (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).
[15] *Id.* (citing *McKart*, 395 U.S. at 195).
[16] Order to Answer Questionnaire 2 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001)).
[17] *Fuller*, 11 F.3d at 62.
[18] *Id.*
[19] *Id.*

remedy program whereby inmates can "seek formal review of an issue relating to any aspect of [their] own confinement."[20] First, the inmate must present his particular complaint to the prison staff and attempt to resolve the issue in an informal manner.[21] If the complaint cannot be resolved informally, the inmate must file a formal written administrative remedy request on a BP-9 form with the prison warden.[22] The warden has twenty days to respond, which may be extended by an additional twenty days.[23] Any adverse decision by the warden must be appealed to the appropriate regional director by filing a BP-10 form.[24] The regional director has thirty days to issue a response, which may be extended by an additional thirty days. The final step in the administrative review process is an appeal to the Office of General Counsel on a BP-11 form.[25] The General Counsel has forty days to issue a response.[26] If an inmate does not receive a response within the time allotted for a reply, he may consider the absence of a response a denial at that level and proceed to the next level.[27] An inmate may seek relief in federal court only after he has exhausted all levels of the administrative review process.[28]

In his answers to the questionnaire filed timely on August 28, 2018, Santos concedes he has not submitted a formal written administrative remedy request.[29] He explains "Courts may dispense worth with the exhaustion requirement ... if a miscarriage of justice has occurred."[30] He offers no reason why the purported "miscarriage" prevented him from pursuing his administrative remedies. The record does

---

[20] Order to Answer Questionnaire at 3 (citing 28 C.F.R. § 542.10(a)). *Cf. Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's civil rights complaint); *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under § 1915 is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of pro se plaintiff's complaint).
[21] 28 C.F.R. § 542.13(a).
[22] *Id.* § 542.14.
[23] *Id.* § 542.18.
[24] *Id.* § 542.15(a).
[25] *Id.*
[26] *Id.* § 542.18.
[27] *Id.*
[28] *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").
[29] Pet'r's Answers to Questionnaire at 1, ECF No. 9.
[30] *Id.* at 3.

not support a conclusion the Court should excuse Santos's failure to exhaust.

## CONCLUSIONS AND ORDERS

The Court accordingly concludes that Santos has neither paid the $5.00 filing fee nor applied to proceed in forma pauperis. The Court further concludes that it appears from Santos's petition and the responses to the questionnaire that he has not exhausted his administrative remedies with the Bureau of Prisons and that he is not entitled to § 2241 relief.[31] The Court, therefore, enters the following orders:

**IT IS ORDERED** that the $5.00 filing fee is **WAIVED.**

**IT IS FURTHER ORDERED** that the District Clerk shall file Santos's pro se "petition for a writ of habeas corpus under 18 U.S.C. § 2241.

**IT IS ALSO ORDERED** that Santos's petition for a writ of habeas corpus under 18 U.S.C. § 2241 and his civil cause are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this  31  day of August, 2018.

_____
FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[31] 28 U.S.C. § 2243.